PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE ANDREWS, JR, | ) | |
| | ) | CASE NO. 4:25-cv-2702 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| NORTHEAST OHIO CORRECTIONAL CENTER, *et al*., | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) | |

## I. Background

*Pro se* Plaintiff Wayne Andrews, Jr., an Ohio inmate, has filed an *in forma pauperis* prisoner civil rights complaint in this case against the Northeast Ohio Correctional Center (NEOCC), the Ohio Department of Rehabilitation and Correction (ODRC), Correctional Officer Fauts, "Captain," "Lieutenant," "C/O's," "Unit Manager," "Administrative Staff," and "Higher Authority Correctional Officer." ECF No. 1 at PageID#: 2–3.

Plaintiff contends that state officials violated the Eighth Amendment by failing to protect him from an assault by other inmates that took place in his cell while he was incarcerated at NEOCC in September 2025. ECF No. 1 at PageID#: 3. Plaintiff also alleges that he was "assaulted in his cell by three [other] incarcerated individuals beyond count time from a different pod;" "staff should have secured all doors" to his cell for his safety but did not and "staff knew of" or "saw" the circumstances "aris[ing] from camera footage/body cam." ECF No. 1 at PageID#: 3. He seeks compensation and damages for injuries he suffered "for the

staff at the prison not following guidelines and procedures, [and] not keeping him safe behind a cell door when it was suppose[d] to be secure." ECF No. 1 at PageID#: 5.[1]

## II. Standard of Review and Discussion

The Court grants Plaintiff's motion for leave to proceed *in forma pauperis* by separate Order. Accordingly, his complaint is now before the Court for initial screening under 28 U.S.C. § 1915(e)(2)(B). That statute requires district courts to review all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468 (6th Cir. 2010).

To survive dismissal for failure to state a claim under § 1915(e)(2)(B), a *pro se* "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill*, 630 F.3d at 470–71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under § 1915(e)(2)(B) for failure to state a claim). A complaint "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. While detailed allegations are not required, to survive a dismissal a complaint must allege facts

[1] Plaintiff indicates that he brings his suit under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), but he is a state prisoner therefore only, § 1983 applies to his claims.

sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although *pro se* pleadings are liberally construed, the lenient treatment generally accorded *pro se* plaintiffs "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). *Pro se* plaintiffs must meet basic pleading requirements and courts are not required to conjure all allegations or create claims on their behalf. *Erwin v. Edwards*, 22 F.App'x 579, 580 (6th Cir. 2001).

Upon review, the Court finds that Plaintiff's complaint fails to state a plausible Eighth Amendment claim against any Defendants and warrants dismissal under § 1915(e)(2)(B).

Prison officials have a duty under the Eighth Amendment to "take reasonable measures guarantee the safety of inmates," including taking reasonable measures to guarantee the safety of inmates," including "[protecting] prisoners from violence at the hands of other prisoners;" but prison official do not violate a prisoner's constitutional rights every time a prisoner inflicts injury on another. *Farmer v. Brennan*, 511 U.S. 825, 832–34 (1994) (internal quotations omitted). Rather, a prison official may be liable for a failure to protect an inmate only if the plaintiff shows that the official was "deliberately indifferent" to a serious risk of harm to him by another inmate. This requires a plaintiff to show, not only that faced a substantial risk of serious harm (the objective component of a claim), but that each defendant in question was "aware of facts from which an inference could be drawn that a substantial risk of harm" to him existed, the official drew such an inference, and that the official nonetheless disregarded such risk by failing to take reasonable measures to abate it (the subjective component of a claim). *Id*. at 837, 847; *see also Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (finding that "[t]o satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively

perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk").

Plaintiff has not alleged facts in his complaint sufficient to give rise to a plausible inference that any Defendants possessed the subjective state of mind necessary to demonstrate constitutional deliberate indifference. Plaintiff's vague and general assertions that "staff" failed to ensure his safety (by failing to secure his door, follow prison guidelines or procedures, and/or monitor video cameras) are insufficient to show that any Defendant actually subjectively perceived facts from which to infer substantial risk to the prisoner, that any Defendant did in fact draw the inference, and that any Defendant then disregarded that risk. The Sixth Circuit has made clear that

> damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague[,] or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what each defendant did to violate the asserted right.

*Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (emphasis in original); *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (finding that to state a civil rights claim, "even a *pro se* prisoner must link his allegations to material facts . . . and indicate what each defendant did to violate his rights"). Here, individuals are named defendants in a civil rights action without supporting allegations of specific conduct against them in the body of the complaint, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* plaintiffs. *See* *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (finding that "[m]erely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain

recovery under §1983"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

Additionally, it is well established that a prison official who was unaware of a substantial risk of harm to an inmate may not be held liable under the Eighth Amendment, *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir.2011) (citing *Farmer*, 511 U.S. at 837), and a negligent failure to prevent an attack by other inmates is insufficient to state a claim. *See Davidson v. Cannon*, 474 U.S. 344, 345–48 (1986) (finding that prison officials' negligent failure to heed prisoner's notification of threats from another inmate, followed by an assault, is not a deprivation of constitutional rights). The deliberate indifference "standard is not whether there is something easy that the [defendants], with the benefit of hindsight, could have done." *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 453 (6th Cir. 2014). Instead, prison officials' actions must be judged "based on the information that was available to them at the time." *Id*.

Plaintiff's allegations do not suggest, above a speculative level, that any individual Defendant or prison official witnessed, or had actual knowledge of the assault on him by other inmates at the time the assault occurred, on video camera or otherwise. Rather, he submits a conduct report indicating only that video camera footage was reviewed by prison staff after the incident between Plaintiff and the three other inmates occurred, and that Plaintiff was charged with the conduct violation of fighting after review of footage. ECF No. 1; ECF No. 2. Plaintiff contends that prison employees violated his rights by failing to perform their responsibilities of securing the door to his cell and monitoring prison video cameras which might have allowed them to view the assault on him at the time it occurred.

But such allegations, at the most, suggest negligence on the part of prison employees and fail to demonstrate constitutional deliberate indifference. *See e.g.* *Burwell v. City of Lansing, Michigan*, 7 F.4th 456, 469–70 (6th Cir. 2021) (holding that requisite knowledge to demonstrate deliberate indifference was not satisfied where prison employees neglected responsibilities to check on an inmate and monitor video screens, and finding such conduct negligent but insufficient to establish a constitutional violation).

Neither NEOCC or the ODRC may be sued for constitutional rights violations under § 1983, and liability may not be imposed on supervisory officials solely on the basis of *respondeat superior*. *See* *Monell v. Dep't of Soc. Servs*. of City of New York, 436 U.S. 658, 691 (1978); *Henton v. Ohio Dep't of Rehab. and Corr*., No. 1:19-cv-462, 2019 WL 4346266, at *1 (N.D. Ohio Sept. 12, 2019) (finding that "[t]he ODRC is an agency of the State of Ohio and, therefore, not a 'person' under § 1983 for the purposes of the statute."); *Glaser v. Smith*, No. 4:22-cv-1019, 2023 WL 4052470, at *8, n. 5 (N.D.Ohio June 16, 2023) (reiterating that NEOCC is a non-jural entity that is not subject to suit).

## III. Conclusion

For the foregoing reasons, Plaintiff's complaint fails to state a plausible Eighth Amendment claim against any Defendant in the case and is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

September 9, 2026
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge